UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD BONNER, et al.,<br><br>    Defendants. | No. 2:14-cv-757-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, alleges an Eighth Amendment excessive force claim against defendant Easterling. *See* ECF No. 1 (alleging that Easterling "intentionally" and "unjustifiably" slammed a door in plaintiff's face, "causing serious injuries."). Easterling moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 16. For the reasons that follow, it is recommended that the motion be denied.

**I.    Plaintiff's Allegations**

This action arises out of an interaction between plaintiff and defendant Easterling, a deputy sheriff, on the evening of January 20, 2014, while plaintiff was confined to the Placer County Jail following a felony conviction. ECF No. 1, § IV, Ex. E (plaintiff's March 1, 2014 grievance). Plaintiff needed to have a piece of mail signed, so he opened the door to the recreation yard, unaware that a search of some kind (involving a K-9 unit) was being conducted in that area. *Id.*, Ex. E. Defendant responded to plaintiff's presence by deliberately grabbing hold

1

of the door and forcibly slamming it into plaintiff's face. *Id.*, § IV.  Plaintiff "experienced the impac[t] of the door knocking [him] backward splitting [his] skull and dislodging a tooth." *Id.*, Ex. E.  Defendant yelled, "Get the fuck back in there!" as he shut the door. *Id.*  Plaintiff describes defendant's conduct as "violent" and "unjustified." *Id.*, § IV.  He received a laceration over his right eye which required stitches. *Id*.  He also underwent surgery. *Id.*

**II.     Standards**

    **A. Rule 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007)  (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*

1    *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as
2    true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266
3    F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.
4    1987)).  The court may consider matters of public record, including pleadings, orders, and other
5    papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.
6    1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104
7    (1991).  "[T]he court is not required to accept legal conclusions cast in the form of factual
8    allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*
9    *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept
10   unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

11   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
12   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its
13   defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before
14   dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,
15   809 F.2d 1446, 1448 (9th Cir. 1987).

16   **B.  Eighth Amendment Excessive Force**

17   "When prison officials use excessive force against prisoners, they violate the inmates'
18   Eighth Amendment right to be free from cruel and unusual punishment."  *Clement v. Gomez*, 298
19   F.3d 898, 903 (9th Cir. 2002).  In order to establish a claim for the use of excessive force in
20   violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force
21   maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore
22   discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  In making this determination, the court
23   may evaluate (1) the need for application of force, (2) the relationship between that need and the
24   amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any
25   efforts made to temper the severity of a forceful response.  *Id.* at 7; *see also id.* at 9-10 ("The
26   Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from
27   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not
28   /////

of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

### III. Analysis

Defendant argues that plaintiff has not sufficiently alleged a violation of his Eighth Amendment rights and even if had, defendant is entitled to qualified immunity. ECF No. 16-1. As discussed below, defendant's arguments lack merit.

Rather than addressing the sufficiency of the allegations of the complaint, defendant simply disputes those allegations. In arguing that plaintiff fails to state a claim, defendant cites to the Jail's responses to plaintiff's administrative grievances, which plaintiff attached as exhibits to his complaint. *Id.* at 2-4. Using those statements, defendant tells his own version of the encounter with plaintiff on January 20, 2014. *See id.* at 2-3, 6-7 (stating that plaintiff was attempting to enter a "prohibited area," that plaintiff hit him with the door when he opened it, and that he had to make a "split second decision" to close the door because plaintiff's entry into the yard could have caused the K-9 to alarm and hurt plaintiff or the officers); *see also* Def.'s Reply, ECF No. 28 at 2 (arguing that there is no "evidence" to support plaintiff's allegations). Thus, defendant's motion is premised on a competing narrative which disputes plaintiff's factual allegations and argues that plaintiff cannot produce evidence to support his narrative. A Rule 12(b)(6) is not the appropriate procedural vehicle to test the sufficiency of plaintiff's evidence. Defendant may, at a later stage of the litigation, choose to test whether plaintiff has the evidence necessary to prove his allegations. But the instant motion is brought under Rule 12(b)(6), which simply focuses on whether facts alleged in the complaint are adequate to state a claim. At this stage, the court must take the factual allegations of the complaint as true and construe them in a light most favorable to the nonmoving party. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). While attachments to the complaint are properly considered on a Rule 12(b)(6) motion, plaintiff's attachment of a document as an exhibit to his complaint does not mean that plaintiff has adopted as true all of the statements in the document. *See Franklin v. Dudley*, No. CIV S-07-2259 FCD EFB P, 2009 U.S. Dist. LEXIS 86618, at *7-8 (E.D. Cal. Sept. 22, 2009).

1 Contrary to defendant's representations, plaintiff does not allege that he hit defendant with
2 the door when he opened it, that he was entering a "prohibited area," or that defendant's response
3 was necessary or intended to prevent a breach of prison discipline. *See* Pl.'s Opp'n, ECF No. 27
4 (noting that the Jail's response to his administrative appeal "does not factually match the
5 plaintiff's claims"). Rather, plaintiff claims that "[a]fter a random search," defendant stated
6 "Clear" with "no further instructions." *Id.*, Ex. E. Ten minutes later, plaintiff "proceeded to the
7 officers['] desk for a signature." *Id.* Plaintiff states that *if* he hit the defendant with the door he
8 did so "unknowingly," and that even so, it would not "warrant such a violent reaction under any
9 rational circumstances." *Id.* As plaintiff puts it, defendant "violated all rules and regulation[s] of
10 conduct" and "deliberately slammed [the door] into plaintiff['s] face," causing injuries that
11 required surgery, all in response to plaintiff's mere presence in a doorway at a minimum security
12 facility. *Id.*, § IV. Although plaintiff references the fact that some type of search was being
13 conducted in the area to which he was attempting to access, his vague reference by no means
14 establishes that plaintiff had disobeyed any order or that defendant's reaction was "a proper
15 response to a perceived threat," as defendant argues. *See* ECF No. 16-1 at 2, 6. Liberally
16 construed, the complaint alleges that the amount of force used by defendant exceeded that which
17 was necessary under the circumstances, and states a claim upon which relief may be granted.

18 Defendant also seeks dismissal based on qualified immunity. "The doctrine of qualified
19 immunity protects government officials 'from liability for civil damages insofar as their conduct
20 does not violate clearly established statutory or constitutional rights of which a reasonable person
21 would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v.*
22 *Fitzgerald*, 457 U.S. 800, 818 (1982)). Resolving the defense of qualified immunity involves a
23 two-step process; the court must determine (1) whether the plaintiff has alleged or shown a
24 violation of a constitutional right, and (2) whether the right at issue was clearly established at the
25 time of defendant's alleged misconduct. *Pearson*, 555 U.S. at 232 (citing *Saucier v. Katz*, 533
26 U.S. 194, 201-02 (2001)). "Qualified immunity is applicable unless the official's conduct
27 violated a clearly established constitutional right." *Pearson*, 555 U.S. at 232. To be clearly
28 established, "[t]he contours of the right must be sufficiently clear that a reasonable official would

5

understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Defendant's argument consists of the following:

> Here, the allegations taken in the light most favorable to the Plaintiff do not show that it would be clear to a reasonable officer that forcefully shutting the door was an unlawful act. Officer Easterling had a requirement to maintain the security of the recreation yard and to prevent inmates from entering the area. Further, he would need to employ enough force while closing the door to prevent the person from actually entering the recreation yard. Also, Officer Easterling was tasked with making a split second decision as to the appropriate recourse once the door opened into him. As a result, Officer Easterling is entitled to qualified immunity for the alleged acts.

ECF No. 16-1 at 9. Again, these arguments rely upon statements made in the Jail's responses to plaintiff's administrative grievances, and not on plaintiff's own allegations. Nowhere does plaintiff allege that he should not have entered the recreation yard area or that any measure of force was necessary to prevent him from accessing it. While it is not surprising that defendant disputes plaintiff's claim that defendant reacted violently and excessively to plaintiff's opening of the door, defendant's disagreement with those allegations does not entitle him to dismissal under Rule 12(b)(6). Whether the evidence will support plaintiff's assertions or defendant's is a question for later proceedings. On this motion, the court must take as true plaintiff's allegations, which are sufficient to allege a violation of a clearly established constitutional right.

**IV.     Recommendation**

For the reasons stated above, IT IS RECOMMENDED that defendant's motion to dismiss (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 8, 2015.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE